**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERTO MORENO-MENDOZA, | No.   19-71424 |
| Petitioner, | Agency No. A024-491-999 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Alberto Moreno-Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In his opening brief, Moreno-Mendoza does not contest the BIA's determination that he waived challenge to the IJ's denial of his withholding of removal claim, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived), and we lack jurisdiction to consider his contentions as to the merits of his withholding of removal claim, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Moreno-Mendoza failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); s*ee also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief). We reject as unsupported by the record Moreno-Mendoza's contentions that the agency erred in its analysis of his claim.

Moreno-Mendoza's contentions that the immigration court lacked jurisdiction or that termination is otherwise required under *Pereira v. Sessions*, 138

19-71424

S. Ct. 2105 (2018), are foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019) and *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020).

As stated in the court's June 25, 2020 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

19-71424